797 A.2d 891

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner,**

v.

**Salvatore DeLELLO, Jr., Respondent.**

**No. 567 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

April 30, 2002.

### ORDER

PER CURIAM:

AND NOW, this 30th day of April, 2002, upon consideration of the Report and Recommendations of the Disciplinary Board dated February 26, 2002, it is hereby

ORDERED that SALVATORE DeLELLO, JR., be and he is SUSPENDED from the Bar of this Commonwealth for a period of two (2) years, retroactive to March 3, 2000, the date of his temporary suspension, and he shall comply with all the provisions of Rule 217 Pa.R.D.E.

It is further ORDERED that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Justice CASTILLE files a dissenting statement in which Justice SAYLOR joins.

Justice CASTILLE, dissenting.

I respectfully dissent. I would make respondent's suspension congruent with the suspension that respondent received in the State of New Jersey, thereby avoiding a situation where respondent may be reinstated to the practice of law in Pennsylvania while simultaneously serving a suspension imposed by the State of New Jersey. At this Court noted in *In re Iulo*, 564 Pa. 205, 766 A.2d 335 (2001):

> [D]eterrence is a considerable factor in matters of reciprocal discipline. Pennsylvania will not tolerate a reputation for welcoming disbarred attorneys from other jurisdictions to practice law with impunity in our courtrooms. Although we have always favored a system of professional discipline that weighs each individual case on its merits, we acknowledge that sometimes a brightline rule must be drawn. The need to deter other similarly situated attorneys from swarming to our courts is cause to create such a brightline rule.

*Id.* at 340–41.

Justice SAYLOR joins this dissenting statement.